**JS 44**   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

IRINA and EDWARD PALATNIK

**DEFENDANTS**

MCCABE, WEISBERG & CONWAY, PC

**(b)** County of Residence of First Listed Plaintiff   Bucks, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Philadelphia, PA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Kalikhman & Rayz, LLC 1051 County Line Road, Suite A
Huntingdon Valley, PA 19006 215-364-5030

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §§ 1692 et seq.

Brief description of cause:
FDCPA Claim

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
04/08/2013

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: ___732 Norfolk Lane Langhorne, PA 19053___

Address of Defendant: ___126 South Broad Street, Suite 2080 Philadelphia, PA 19109___

Place of Accident, Incident or Transaction: ___Philadelphia, PA___
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes☐  No☒

Does this case involve multidistrict litigation possibilities?      Yes☐  No☒

*RELATED CASE, IF ANY:*
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?      Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?      Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?      Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?      Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) 15 U.S.C. § 1692 et seq.

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                          Attorney-at-Law              Attorney I.D.#
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __4/8/13__   _____   __87976__
                      Attorney-at-Law              Attorney I.D.#

CIV. 609 (6/08)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| PALATNIK | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MCCABE, WEISBERG & CONWAY, PC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( x )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           ( )

| | | |
|---|---|---|
| ___4/8/2013___ | _____ | ___Plaintiff___ |
| **Date** | **Attorney-at-law** | **Attorney for** |
| | | |
| _(215) 364-5030_ | _(215) 364-5029_ | _erayz@kalraylaw.com_ |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EDWARD PALATNIK<br>IRINA PALATNIK<br>732 Norfolk Lane<br>Langhorne, PA 19053<br><br>PLAINTIFF(S)<br><br>v.<br><br>MCCABE, WEISBERG & CONWAY, PC<br>126 South Broad Street, Suite 2080<br>Philadelphia, PA 19109<br><br>DEFENDANT(S) | <br><br><br><br><br><br><br><br><br>Civil Action No. _____ |

**I.      INTRODUCTION**

1.      This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692 et seq.

**II.      THE PARTIES**

2.      Plaintiffs are adult individual citizens of the Commonwealth of Pennsylvania.

3.      Plaintiffs are "consumers," as that term is defined and/or contemplated within the scope of FDCPA.

4.      Defendant, MCCABE, WEISBERG & CONWAY, PC (hereinafter "MWC" or "Defendant"), is a professional corporation, organized under the laws of the Commonwealth of Pennsylvania, which is engaged in the practice of law, and can be served at the above-captioned address.

5.      Defendant is a "debt collector," as that term is defined and/or contemplated within the scope of FDCPA.

6.      Indeed, Defendant maintains a website with a domain name http://www.mwc-law.com/index.html that advertises Defendant's representation of the "mortgage banking industry in the Mid-Atlantic region."   A true and correct copy of the printout of the website is

1

marked and attached hereto as Exhibit "A."

7.      The website also touts Defendant as "an expanding regional firm representing mortgage lenders, banks, mortgage servicers and financial institutions in Pennsylvania, New York, Connecticut, New Jersey, Delaware, Maryland, Virginia and the District of Columbia." Exhibit "A."

8.      In essence, Defendant's practice is limited to providing foreclosure-related litigation and associated services to various creditors on a massive scale (i.e., handling hundreds, if not thousands, of debt collection matters every year).

9.      Defendant uses instrumentalities of interstate commerce and mail in a business, whose principal purpose is collection of debts and/or regularly collects (or attempts to collect), directly or indirectly, debts owed or due or asserted to be owed or due another.

10.     At all times material hereto, Defendant acted and/or failed to act in person and/or through duly authorized agents, servants, workmen, and/or employees, acting within the scope and course of their authority and/or employment for and/or on behalf of Defendant.

### III.     JURISDICTION AND VENUE

11.     This Honorable Court has jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1337.

12.     The Eastern District of Pennsylvania is the proper venue for this litigation, because:

> a.    Plaintiffs are residents of the Eastern District of Pennsylvania and Defendant's wrongful conduct was directed to and was undertaken within the territory of the Eastern District of Pennsylvania;
>
> b.    Defendant's principal place of business is located in the City of Philadelphia; and
>
> c.    Defendant conducts a substantial portion of its business in the Eastern District of Pennsylvania.

IV.     STATEMENT OF CLAIMS

A.     BACKGROUND

13.     Plaintiffs own a personal home at the above-captioned address (which is interchangeably referenced as being located in Langhorne or Feasterville/Trevose area of Bucks County, Commonwealth of Pennsylvania).

14.     In mid-March of 2013, by certified mail, Plaintiffs received a package with the following highlighted caption:

---

March 12, 2013

# ACT 91/ ACT 6 NOTICE

# TAKE ACTION TO SAVE YOUR HOME FROM FORECLOSURE

***This is an official notice that the mortgage on your home is in default, and the lender intends to foreclose. Specific information about the nature of the default is provided in the attached pages.***

---

A true and correct copy of this package is marked and attached hereto as Exhibit "B."

15.     This package was sent by Defendant, as evidenced by the name and address of Defendant that appears on at least two pages of the package.  Exhibit "B."

16.     The correspondence appeared to relate to a home equity line of credit Plaintiffs opened with Wachovia Bank, National Association, that was later transferred and/or assigned to Wells Fargo Bank, N.A.  Exhibit "B."

17.     With regard to timing, the package stated:

---

***TEMPORARY STAY OF FORECLOSURE***--Under the Act, you are entitled to a temporary stay of foreclosure on your mortgage for thirty (30) days from the date of this Notice. (Plus three (3) days for mailing). During that time you must arrange and attend a "face-to-face" meeting with one of the consumer credit counseling agencies listed at the end of this Notice. ***THIS MEETING MUST OCCUR WITHIN THIRTY-THREE (33) DAYS OF THE DATE OF THIS NOTICE.*** *IF YOU DO NOT APPLY FOR EMERGENCY MORTGAGE ASSISTANCE, YOU MUST BRING YOUR*

---

Exhibit "B," p. 2.

18.    With regard to a stay, the package stated:

> **CONSUMER CREDIT COUNSELING AGENCIES**--If you meet with one of the consumer credit counseling agencies listed at the end of this notice, the lender may NOT take action against you for thirty (30) days after the date of this meeting. *The names, addresses and telephone numbers of designated consumer credit counseling agencies for the county in which the property is located are set forth at the end of this Notice.* It is only necessary to schedule one face-to-face meeting. Advise your lender *immediately* of your intentions.

Exhibit "B," p. 2.

19.    Page 2 of the packet included the following additional text:

> **APPLICATION FOR MORTGAGE ASSISTANCE**--Your mortgage is in default for the reasons set forth later in this Notice (see following pages for specific information about the nature of your default.) If you have tried and are unable to resolve this problem with the lender, you have the right to apply for financial assistance from the Homeowner's

Exhibit "B," p. 2.

20.    Page 3 of the packet contained the following text:

> (If you have filed bankruptcy you can still apply for Emergency Mortgage Assistance.)
>
> ## HOW TO CURE YOUR MORTGAGE DEFAULT (Bring it up to date).
>
> **NATURE OF THE DEFAULT**--The MORTGAGE debt held by the above lender on your property located at: 732 Norfolk Lane, Feasterville Trevose, Pennsylvania 19053 IS SERIOUSLY IN DEFAULT because:
>
> YOU HAVE NOT MADE THE MONTHLY PAYMENTS for the following months and the following amounts are now past due:  $251.72 for the months of October 30, 2011 through March 1, 2013.
>
> Other charges have also accrued to this date in the following amounts:
>
> Suspense:                      $-44.84
>
> The total amount now required to cure this default, or in other words, get caught up in your payments, as of the date of this letter, is $4,234.40.
>
> **HOW TO CURE THE DEFAULT**--You may cure the default within THIRTY (30) DAYS of the date of this notice **BY PAYING THE TOTAL AMOUNT PAST DUE TO THE LENDER,** WHICH IS **$4,234.40**, PLUS ANY MORTGAGE PAYMENTS AND LATE CHARGES WHICH BECOME DUE DURING THE THIRTY (30) DAY PERIOD. *Payments must be made either by cash, cashier's check, certified check or money order made payable and sent to:*
>
> Wells Fargo Bank, N.A.,
> MAC X2302-04G

Exhibit "B," p. 3.

21.    Additionally, the package states:

> **IF YOU HAVE A MEETING WITH A COUNSELING AGENCY WITHING [SIC] 33 DAYS OF THE POST MARKED DATE OF THIS NOTICE <u>AND</u> FILE AN APPLICATION WITH PHFA WITHIN 30 DAYS OF THAT MEETING, THEN THE LENDER WILL BE TEMPORARILY PREVENTED FROM STARTING A FORECLOSURE AGAINST YOUR PROPERTY, AS EXPLAINED ABOVE, IN THE SECTION CALLED "TEMPORARY STAY OF FORECLOSURE."**

Exhibit "B," pp. 2-3 (emphasis, capitalization, highlighting, and underlining original).

22.    The package also threatened that, if Plaintiffs "do not cure the default within THIRTY (30) DAYS of the date of this Notice," the debt at issue would be accelerated and a legal action would be initiated to foreclose on Plaintiffs' home.

23.    The package stated that "<u>**THE PURPOSE OF THIS COMMUNICATION IS TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**</u>." Exhibit "B," p. 5 (bolding, capitalization, and highlighting in original).

24.    Defendant identified the package as "[o]ur demand for immediate payment" and explained its role as follows:

> The Law Office of McCABE, WEISBERG & CONWAY, P.C. is acting as a debt collector, pursuant to the FDCPA. THIS NOTICE AND LETTER ARE AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. The Federal Trade Commission has ruled that the FDCPA does not preclude the institution of legal action prior to the expiration of the thirty (30) day period.

Exhibit "B," p. 6.

25.    The package contains false and/or misleading information in that:

a.    Plaintiffs did not owe $251.72 for each the months between October 31, 2011 through March 1, 2013;

b.    The sum of $251.72 is not past due for each the months between October 31, 2011 through March 1, 2013;

c.    The total amount of Plaintiff's default was not $4,234.40;

d.    The Sheriff's Sale of the mortgaged property at issue could not have been

5

scheduled "approximately FIVE months from the date of this Notice" (i.e., March 12, 2013);

e.      It does not provide Plaintiffs with an accurate summary of the applicable law; in that the package does not say that Plaintiffs' lender cannot accelerate the debt at issue and/or institute legal action against Plaintiffs for a period of thirty (30) days after receipt of the package;

f.      It creates a false and/or misleading impression that Plaintiffs' lender can accelerate the debt at issue and/or institute legal action against Plaintiffs at any time; and

g.      It creates a false and/or misleading impression that Defendant (or Plaintiffs' lender) has the right to accelerate the debt at issue and/or institute legal action against Plaintiffs during the thirty (30) days after receipt of the package, irrespective of the Pennsylvania Loan Interest and Protection Law (hereinafter "Act 6"), 41 P.S. § 400 et seq., and/or Homeowner's Emergency Mortgage Act (hereinafter "Act 91"), 35 P.S. § 1680.401c et seq.

26.      Indeed, as reflected, in the attached statement sent by Wells Fargo Bank, N.A., Plaintiff paid $800.00 between January 1, 2012 and December 31, 2012. A true and correct (redacted) copy of this document is marked and attached hereto as Exhibit "C."

27.      Therefore, as of March 1, 2013, Plaintiffs' balance was substantially less than what Defendant was alleging was owed and, as a consequence, was necessary to cure the default.

28.      Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of a debt, including (but not limited to):

a.      Making a false representation of the character, amount or legal status of

any debt, 15 U.S.C. § 1692e(2)(A); and

b.     Using any false representation or deceptive means to collect or attempt to collect any debt, 15 U.S.C. § 1692e(10).

29.     In addition, Section 1692f of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt, including (but not limited to) collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, 15 U.S.C. § 1692f(1).

30.     Defendants violated the above-referenced provisions of the FDCPA, including (but not limited to):

a.     In their written communications with Plaintiffs, Defendant made a false representation of the amount and character of the alleged debt;

b.     In their written communications with Plaintiffs, Defendants made a false and misleading representation of the time period when Plaintiff allegedly did not make payments for the obligation at issue;

c.     In their written communications with Plaintiffs, Defendant falsely claimed an erroneous amount of the alleged debt; and

d.     In their written communications with Plaintiffs, Defendant attempted to collect amounts from Plaintiffs that were already paid and/or not owed.

31.     As described herein, the actions of the Defendant violated the applicable provisions of the FDCPA.

32.     Defendant's conduct, as alleged herein, is (and was) deliberate, intentional, reckless, willful, and wanton.

33.     Defendant's conduct, as alleged herein, is unfair, misleading, deceptive, and unconscionable.

34.     Plaintiffs have been (and will continue to be) financially damaged due to

Defendant's conduct, as set forth herein.

35.    Plaintiffs have suffered and will continue to suffer damages due to Defendant's conduct, as set forth herein.

**COUNT I**
**FDCPA**

36.    Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

37.    As described herein, the actions of the Defendant(s) violate the applicable provisions of the FDCPA.

**V.    CLAIM FOR RELIEF**

WHEREFORE, Plaintiff respectfully demands judgment against Defendant(s) for:

(a)    Actual damages;

(b)    Statutory damages;

(c)    Treble damages;

(d)    Attorneys' fees and costs; and

(e)    Such other relief as the Honorable Court shall deem just and appropriate.

**VI.    DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

**VII.    NOTICE OF PRESERVATION OF EVIDENCE**

**PLAINTIFFS HEREBY DEMAND THAT DEFENDANT TAKE ALL NECESSARY ACTION TO ENSURE THE PRESERVATION OF ALL DOCUMENTS, COMMUNICATIONS, WHETHER ELECTRONIC OR OTHERWISE, ITEMS AND THINGS IN THE POSSESSION OR CONTROL OF ANY PARTY TO THIS ACTION (OR ANY ENTITY OVER WHICH ANY PARTY TO THIS ACTION HAS CONTROL, OR FROM WHOM ANY PARTY TO THIS ACTION HAS ACCESS TO) WHICH MAY IN ANY MANNER BE RELEVANT TO OR RELATE TO THE SUBJECT MATTER OF THE CAUSES OF ACTION AND/OR THE ALLEGATIONS OF THIS**

**COMPLAINT.**

Respectfully submitted,
**KALIKHMAN & RAYZ, LLC**

_____
Eric Rayz, Esquire
E-mail: erayz@kalraylaw.com
Attorney(s) for Plaintiff(s)
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Phone: (215) 364-5030
Fax: (215) 364-5029

Date: <u>April 8, 2013</u>

# EXHIBIT "A"



Representing the mortgage banking
industry in the Mid-Atlantic region



Pennsylvania

Welcome to MWC | Home | The Firm | Attorneys | Our Affiliates | Practice Areas | Fannie Mae | Freddie Mac | FDIC | Contact Us



03:08





Site Map | Legal Disclaimer | Contact Us

Copyright © 2009 McCabe, Weisberg & Conway, P.C, McCabe, Weisberg & Conway, LLC. - 123 S. Broad Street, Suite 1400
Philadelphia, Pa 19109 All Rights Reserved
Site design & maintenance by 3Rings Media, Inc.



Representing the mortgage banking
industry in the Mid-Atlantic region



New York &
Connecticut

Welcome to MWC |  Home |  The Firm |  Attorneys  |  Our Affiliates  |  Practice Areas  |  Fannie Mae  |  Freddie Mac  |  FDIC  | Contact Us

## THE FIRM

The law firm of McCabe, Weisberg & Conway is an expanding regional firm representing mortgage lenders, banks, mortgage servicers and financial institutions in Pennsylvania, New York, Connecticut, New Jersey, Delaware, Maryland, Virginia and the District of Columbia. For more than 35 years our firm has been committed to providing the most comprehensive and efficient legal representation available to the mortgage banking industry.

We recognize that our success has been a direct result of our ability to attract and retain a highly skilled staff, all individually dedicated to serving the unique needs of each client that we represent. The attorneys in our firm are litigators who are skilled in the areas of foreclosure, bankruptcy, eviction, title claims, lender liability and REO closings. Our entire staff regularly receives training and education in the areas of our practice, law office technology and legal procedures.

We understand that our clients require a law firm that can respond rapidly to achieve mortgage servicing cost efficiencies. At MWC we have the experience, the staff and the technology to provide customized loan servicing that exceeds the expectations of our clients.

Over the years we have been fortunate to develop close and lasting relationships with our clients. Through this experience, we have learned from our clients' perspective what is necessary to deliver superior service.

Positioned for growth in the months and years ahead, we are committed to continuing this tradition. We look forward to the opportunity to be of service.

### LEADERSHIP

McCabe, Weisberg & Conway has a long and distinguished record of promoting and protecting our clients' interests.

Our attorneys have been recognized for accomplishments in their practice areas and for the leadership they have provided to the legal profession and to many charitable and civic organizations.

As a firm, we are driven by uncompromising attention to the needs of our clients and to the constant shifts in the marketplace that may have an impact on the mortgage banking industry. We strive to anticipate change in order to put our clients ahead of emerging trends.

# EXHIBIT "B"

McCabe, Weisberg & Conway, PC
PO Box 9025
Temecula, CA 92589-9025

Send Correspondence to:
McCabe, Weisberg & Conway, PC
126 South Broad Street
Suite 2080
Philadelphia, PA  19109

7196 9009 9249 5912 1121

2013031-132

Palatnik, Irina
732 Norfolk Lane
Feasterville Trevose, PA 19053

PAACTC_FLAT

7196 9006 9296 5912 1121

March 12, 2013

# ACT 91/ ACT 6 NOTICE

# TAKE ACTION TO SAVE YOUR HOME FROM FORECLOSURE

*This is an official notice that the mortgage on your home is in default, and the lender intends to foreclose. Specific information about the nature of the default is provided in the attached pages.*

*The HOMEOWNER'S MORTGAGE ASSISTANCE PROGRAM (HEMAP) may be able to help to save your home. This Notice explains how the program works.*

*To see if HEMAP can help, you must MEET WITH A CONSUMER CREDIT COUNSELING AGENCY WITHIN 33 DAYS OF THE DATE OF THIS NOTICE. Take this Notice with you when you meet with the Counseling Agency.*

*The name, address and phone number of Consumer Credit Counseling Agencies serving your County are listed at the end of this Notice. If you have any questions, you may call the Pennsylvania Housing Finance Agency toll free at 1-800-342-2397. (Persons with impaired hearing can call (717) 780-1869).*

**This Notice contains important legal information. If you have any questions, representatives at the Consumer Credit Counseling Agency may be able to help explain it. You may also want to contact an attorney in your area. The local bar association may be able to help you find a lawyer.**

**LA NOTIFICACION EN ADJUNTO ES DE SUMA IMPORTANCIA, PUES AFECTA SU DERECHO A CONTINUAR VIVIENDO EN SU CASA. SI NO COMPRENDE EL CONTENIDO DE ESTA NOTIFICACION OBTENGA UNA TRADUCCION INMEDITAMENTE AL LAMARD A ESTA AGENCIA (PENNSYLVANIA HOUSING FINANCE AGENCY) SIN CARGOS AL NUMERO MENCIONADO ARRIBA. USTED PUEDES SER ELEGIBLE PARA UN PRESTAMO POR EL PROGRAMA LLAMADO "HOMEOWNER'S EMERGENCY MORTGAGE ASSISTANCE PROGRAM" EL CUAL PUEDE SALVAR SU CASA DE LA PERDIDA DEL DERECHO A REDIMIR SU HIPOTECA.**



HOMEOWNER'S NAME(S): Palatnik, Irina and Palatnik, Edward

PROPERTY ADDRESS:   732 Norfolk Lane, Feasterville Trevose, Pennsylvania 19053

LOAN ACCT. NO.:   0999824956

ORIGINAL LENDER: Wachovia Bank, National Association

CURRENT LENDER/SERVICER:  Wells Fargo Bank, N.A.,

## HOMEOWNER'S EMERGENCY MORTGAGE ASSISTANCE PROGRAM

### *YOU MAY BE ELIGIBLE FOR FINANCIAL ASSISTANCE WHICH CAN SAVE YOUR HOME FROM FORECLOSURE AND HELP YOU MAKE FUTURE MORTGAGE PAYMENTS*

**IF YOU COMPLY WITH THE PROVISIONS OF THE HOMEOWNER'S EMERGENCY MORTGAGE ASSISTANCE ACT OF 1983 (THE "ACT"), YOU MAY BE ELIGIBLE FOR EMERGENCY MORTGAGE ASSISTANCE:**

**\* IF YOUR DEFAULT HAS BEEN CAUSED BY CIRCUMSTANCES BEYOND YOUR CONTROL,**

**\* IF YOU HAVE A REASONABLE PROSPECT OF BEING ABLE TO PAY YOUR MORTGAGE PAYMENTS, AND**

**\* IF YOU MEET OTHER ELIGIBILITY REQUIREMENTS ESTABLISHED BY THE PENNSYLVANIA HOUSING FINANCE AGENCY.**

***TEMPORARY STAY OF FORECLOSURE***--Under the Act, you are entitled to a temporary stay of foreclosure on your mortgage for thirty (30) days from the date of this Notice. (Plus three (3) days for mailing). During that time you must arrange and attend a "face-to-face" meeting with one of the consumer credit counseling agencies listed at the end of this Notice. ***THIS MEETING MUST OCCUR WITHIN THIRTY-THREE (33) DAYS OF THE DATE OF THIS NOTICE.*** *IF YOU DO NOT APPLY FOR EMERGENCY MORTGAGE ASSISTANCE, YOU MUST BRING YOUR MORTGAGE UP TO DATE. THE PART OF THIS NOTICE CALLED "HOW TO CURE YOUR MORTGAGE DEFAULT", EXPLAINS HOW TO BRING YOUR MORTGAGE UP TO DATE.*

***CONSUMER CREDIT COUNSELING AGENCIES***--If you meet with one of the consumer credit counseling agencies listed at the end of this notice, the lender may NOT take action against you for thirty (30) days after the date of this meeting. *The names, addresses and telephone numbers of designated consumer credit counseling agencies for the county in which the property is located are set forth at the end of this Notice.* It is only necessary to schedule one face-to-face meeting. Advise your lender *immediately* of your intentions.

***APPLICATION FOR MORTGAGE ASSISTANCE***--Your mortgage is in default for the reasons set forth later in this Notice (see following pages for specific information about the nature of your default.) If you have tried and are unable to resolve this problem with the lender, you have the right to apply for financial assistance from the Homeowner's Emergency Mortgage Assistance Program. To do so, you must fill out, sign and file a completed Homeowner's Emergency Assistance Program Application with one of the designated consumer credit counseling agencies listed at the end of this Notice. Only consumer credit counseling agencies have applications for the program and they will assist you in submitting a complete application to the Pennsylvania Housing Finance Agency. To temporarily stop the lender from filing the foreclosure action, the application MUST be forwarded to PHFA and received within thirty (30) days of your "face-to-face" meeting with your counseling agency.

***YOU SHOULD FILE A HEMAP APPLICATION AS SOON AS POSSIBLE. IF YOU HAVE A MEETING WITH***



*A COUNSELING AGENCY WITHING 33 DAYS OF THE POSTMARKED DATE OF THIS NOTICE AND FILE AN APPLICATION WITH PHFA WITHIN 30 DAYS OF THAT MEETING, THEN THE LENDER WILL BE TEMPORARILY PREVENTED FROM STARTING A FORECLOSURE AGAINST YOUR PROPERTY, AS EXPLAINED ABOVE, IN THE SECTION CALLED "TEMPORARY STAY OF FORECLOSURE."*

**YOU HAVE THE RIGHT TO FILE A HEMAP APPLICATION EVEN BEYOND THESE TIME PERIODS. A LATE APPLICATION WILL NOT PREVENT THE LENDER FROM STARTING A FORECLOSURE ACTION, BUT IF YOUR APPLICATION IS EVENTUALLY APPROVED AT ANY TIME BEFORE A SHERIFF'S SALE, THE FORECLOSURE WILL BE STOPPED.**

*AGENCY ACTION*--Available funds for emergency mortgage assistance are very limited. They will be disbursed by the Agency under the eligibility criteria established by the Act. The Pennsylvania Housing Finance Agency has sixty (60) days to make a decision after it receives your application. During that time, no foreclosure proceedings will be pursued against you if you have met the time requirements set forth above. You will be notified directly by the Pennsylvania Housing Finance Agency of its decision on your application.

NOTE: IF YOU ARE CURRENTLY PROTECTED BY THE FILING OF A PETITION IN BANKRUPTCY, THE FOLLOWING PART OF THIS NOTICE IS FOR INFORMATION PURPOSES ONLY AND SHOULD NOT BE CONSIDERED AS AN ATTEMPT TO COLLECT THE DEBT.
(If you have filed bankruptcy you can still apply for Emergency Mortgage Assistance.)

### *HOW TO CURE YOUR MORTGAGE DEFAULT (Bring it up to date).*

*NATURE OF THE DEFAULT*--The MORTGAGE debt held by the above lender on your property located at: 732 Norfolk Lane, Feasterville Trevose, Pennsylvania 19053 IS SERIOUSLY IN DEFAULT because:

YOU HAVE NOT MADE THE MONTHLY PAYMENTS for the following months and the following amounts are now past due:  $251.72 for the months of October 30, 2011 through March 1, 2013.

Other charges have also accrued to this date in the following amounts:

Suspense:                          $-44.84

The total amount now required to cure this default, or in other words, get caught up in your payments, as of the date of this letter, is $4,234.40.

*HOW TO CURE THE DEFAULT*--You may cure the default within THIRTY (30) DAYS of the date of this notice **BY PAYING THE TOTAL AMOUNT PAST DUE TO THE LENDER,** WHICH IS **$4,234.40,** PLUS ANY MORTGAGE PAYMENTS AND LATE CHARGES WHICH BECOME DUE DURING THE THIRTY (30) DAY PERIOD. *Payments must be made either by cash, cashier's check, certified check or money order made payable and sent to:*

Wells Fargo Bank, N.A.,

MAC X2302-04G

1 Home Campus,

Des Moines, Iowa 50328

*IF YOU DO NOT CURE THE DEFAULT*--If you do not cure the default within THIRTY (30) DAYS of the date of this Notice, *the lender intends to exercise its rights to accelerate the mortgage debt*. This means that the entire

63879
Page 3



==outstanding balance of this debt will be considered due immediately and you may lose the chance to pay the mortgage in monthly installments. If full payment of the total amount past due is not made within THIRTY (30) DAYS, the lender also intends to instruct its attorneys to start legal action to *__foreclose upon your mortgaged property__*.==

***IF THE MORTGAGE IS FORECLOSED UPON***--The mortgaged property will be sold by the Sheriff to pay off the mortgage debt. If the lender refers your case to its attorneys, but you cure the delinquency before the lender begins legal proceedings against you, you will still be required to pay the reasonable attorney's fees that were actually incurred, up to $50.00. However, if legal proceedings are started against you, you will have to pay all reasonable attorney's fees actually incurred by the lender even if they exceed $50.00. Any attorney's fees will be added to the amount you owe the lender, which may also include other reasonable costs. ***__If you cure the default within the THIRTY (30) DAY period, you will not be required to pay attorney's fees__***.

***OTHER LENDER REMEDIES***--The lender may also sue you personally for the unpaid principal balance and all other sums due under the mortgage.

***RIGHT TO CURE THE DEFAULT PRIOR TO SHERIFF'S SALE***--If you have not cured the default within the THIRTY (30) DAY period and foreclosure proceedings have begun, *you still have the right to cure the default and prevent the sale at any time up to one hour before the Sheriff's Sale. You may do so by paying the total amount then past due, plus any late or other charges then due, reasonable attorney's fees and costs connected with the foreclosure sale and any other costs connected with the Sheriff's Sale as specified in writing by the lender and by performing any other requirements under the mortgage*. **Curing your default in the manner set forth in this notice will restore your mortgage to the same position as if you had never defaulted.**

==***EARLIEST POSSIBLE SHERIFF'S SALE DATE***--It is estimated that the earliest date that such a Sheriff's Sale of the mortgaged property could be held would be **approximately FIVE months from the date of this Notice.**== A notice of the actual date of the Sheriff's Sale will be sent to you before the sale. Of course, the amount needed to cure the default will increase the longer you wait. You may find out at any time exactly what the required payment or action will be by contacting the lender.

***HOW TO CONTACT THE LENDER:***

Name of Lender: Wells Fargo Bank, N.A.,

Address: 1 Home Campus, Des Moines, IA 50328

Phone Number: (866) 623-8958

***EFFECT OF SHERIFF'S SALE***--You should realize that a Sheriff's Sale will end your ownership of the mortgaged property and your right to occupy it. If you continue to live in the property after the Sheriff's Sale, a lawsuit to remove you and your furnishings and other belongings could be started by the lender at any time.

***ASSUMPTION OF MORTGAGE***--You _____ may or _XX_ **may not (CHECK ONE)** sell or transfer your home to a buyer or transferee who will assume the mortgage debt, provided that all the outstanding payments, charges and attorney's fees and costs are paid prior to or at the sale and that the other requirements of the mortgage are satisfied.

# YOU MAY ALSO HAVE THE RIGHT:

- TO SELL THE PROPERTY TO OBTAIN MONEY TO PAY OFF THE MORTGAGE DEBT OR TO BORROW MONEY FROM ANOTHER LENDING INSTITUTION TO PAY OFF THIS DEBT.

- TO HAVE THIS DEFAULT CURED BY ANY THIRD PARTY ACTING ON YOUR BEHALF.

63879
Page 4



- TO HAVE THE MORTGAGE RESTORED TO THE SAME POSITION AS IF NO DEFAULT HAD OCCURRED, IF YOU CURE THE DEFAULT. (HOWEVER, YOU DO NOT HAVE THIS RIGHT TO CURE YOUR DEFAULT MORE THAN THREE TIMES IN ANY CALENDAR YEAR.)

- TO ASSERT THE NONEXISTENCE OF A DEFAULT IN ANY FORECLOSURE PROCEEDING OR ANY OTHER LAWSUIT INSTITUTED UNDER THE MORTGAGE DOCUMENTS,

- TO ASSERT ANY OTHER DEFENSE YOU BELIEVE YOU MAY HAVE TO SUCH ACTION BY THE LENDER.

- TO SEEK PROTECTION UNDER THE FEDERAL BANKRUPTCY LAW.

**FOR CONSUMER CREDIT COUNSELING AGENCIES SERVING YOUR COUNTY, PLEASE SEE THE ATTACHED LIST.**

**NOTE:  Unless you notify this office within thirty (30) days of the date of this notice, that you dispute the validity of this debt or any portion thereof, this office will assume that the debt is valid.  If you notify this office in writing within thirty (30) days from the date of this notice, this office will:  obtain verification of the debt or obtain a copy of judgment and mail you a copy of such judgment or verification.  You are also advised that any information which you supply to this office may be used by us in the collection of debt.  If you request this office in writing within thirty (30) days of the date of this notice, this office will provide you with the name and address of the original creditor.**

**Although we have requested that you make payment or provide a valid reason for nonpayment, you still have the right to make a written request, within thirty (30) days of the date of this notice, for more information about the debt.  Your rights are described further, hereinafter.**

**THE PURPOSE OF THIS COMMUNICATION IS TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THIS PURPOSE.**

Enclosure:  Validation of Debt Notice
Consumer Credit Counseling Agencies

SENT VIA REGULAR AND CERTIFIED MAIL
RETURN RECEIPT REQUESTED



## Validation of Debt Notice

Pursuant to the Fair Debt Collection Practice Act (FDCPA) (15 USC 1692), a consumer debtor is required to be sent the following notice: (1) unless the consumer, within thirty (30) days after the date of this notice, disputes the validity of the debt or any portion thereof, the debt will be assumed to be valid by the debt collector, (2) if the consumer notifies the debt collector in writing within the thirty (30) day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a Judgment against the consumer and copy of such verification or Judgment will be mailed to the consumer by the debt collector, and (3) upon the consumer's written request within the thirty (30) day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**Our demand for immediate payment does not eliminate your right to dispute this debt within thirty (30) days of the date of this notice.  If you choose to do so, we are required by law to cease our collection efforts until we have mailed that information to you.**

**Although we have requested that you make payment or provide a valid reason for nonpayment, you still have the right to make a written request, within thirty (30) days of the date of this notice, for more information about the debt.  Your rights are described further, hereinafter.**

The Law Office of McCABE, WEISBERG & CONWAY, P.C. is acting as a debt collector, pursuant to the FDCPA.  THIS NOTICE AND LETTER ARE AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  The Federal Trade Commission has ruled that the FDCPA does not preclude the institution of legal action prior to the expiration of the thirty (30) day period.

Acceptance of funds and reinstatement of the mortgage are both subject to verification by my client.  Please note that I may be instructed to proceed with foreclosure and fees, costs and/or advances by the mortgagee may be due in addition to the sum quoted above.

Please further note that any funds tendered will be subject to verification and correctness before the matter is concluded.

DATE: March 12, 2013
McCabe, Weisberg & Conway, P.C.
for Wells Fargo Bank, N.A.,

# Bucks County

*ACCI-American Credit Counseling Institute - Warminster
586 W Street Rd
Warminster PA 18974
888.212.6741 / 888.212.6741

*CCCS of Delaware Valley - Bristol
1230 New Rodgers Rd; STE F1
Bristol PA 19007
800.989.2227 / 215.563.5665
www.cccsdv.org

*CCCS of Delaware Valley - Philadelphia
4400 North Reese St
Philadelphia PA 19140
800.989.2227 / 215.563.5665
www.cccsdv.org

*Credit Counseling Center
60 North Main St
Doylestown PA 18901
215.348.8003
www.ccc-credit.com

*Credit Counseling Center
8150 Route 13
Levittown PA 19057
215.348.8003
www.ccc-credit.com

*Credit Counseling Center
832 Second Street Pike
Richboro PA 18954
215.348.8003
www.ccc-credit.com

American Angel Housing Counseling-RHD
1060 First Ave; STE 400
King of Prussia PA 19406
610.768.2611

American Credit Alliance, Inc.
2 S Delmorr Ave; STE 501
Morrisville PA 19067
800.501.7526 / 215.295.7195
www.501plan.com

Bucks County Housing Group
2324 2nd St Pike; STE 17
Wrightstown PA 18940
866.866.0280 / 215.598.3566



www.bchg.org

**Diversified Community Services @ Dixon House**
1529 S 22nd St
Philadelphia PA 19146
215.336.5505
www.dcsphila.org

**Genesis Housing Corporation**
208 DeKalb St; #212
Norristown PA 19401
610.275.4357
www.genesishousing.org

**Liberty Resources, Inc.**
714 Market St; STE 100
Philadelphia PA 19106
215.634.2000
www.libertyresources.org

**Money Management International**
127 S 5th St; STE 155
Quakertown PA 18951
610.821.4011
www.consumercreditlv.org

**Northwest Counseling Services (NWCS), Inc.**
5001 N Broad St
Philadelphia PA 19141
215.324.7500
www.nwcsonline.com

**Philadelphia Council for Community Advancement (PCCA)**
1617 JFK Blvd; STE 1550
Philadelphia PA 19103
215.567.7803
www.pccahousing.org

**Urban League of Philadelphia**
121 S Broad St; 9th FL
Philadelphia PA 19107
215.985.3220
www.urbanleaguephila.org



US POSTAGE
$ 06.64
03/12/2013

Hasler
018H1350429
ZIP 85034
H
B



PRESORT FIRST CLASS

CERTIFIED MAIL

B1XHAB3 19053

# EXHIBIT "C"

THIS DOCUMENT ISSUED AS A YEAR 2012 TAX STATEMENT FOR A 1099 INFORMATION RETURN, 1098 MORTGAGE INTEREST STATEMENT OR 1098-E STUDENT LOAN STATEMENT - READ CAREFULLY

**TAX YEAR** **2012**

WELLS FARGO BANK, N.A.
1-800-TO-WELLS (800-869-3557)
P.O. BOX 3908                114
PORTLAND, OR  97208          E.I.N. █████████

074019 1 AV 0.350  1443074

EDWARD PALATNIK                    DS
IRINA PALATNIK
732 NORFOLK LN
LANGHORNE PA   19053-2487

FOR TAX YEAR
2012

TAXPAYER ID NUMBER
█████████

2012 - 1098, MORTGAGE INTEREST STATEMENT
ACCOUNT NUMBER
LINE OF CREDIT    █████████
BOX 1             MORTGAGE INTEREST*          800.00

**TOTAL INTEREST/POINTS PAID**          800.00

PLEASE SEE REVERSE SIDE FOR INSTRUCTIONS