UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDWARD PALATNIK and IRINA PALATNIK,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**McCABE, WEISBERG & CONWAY, P.C.,**<br><br>**Defendant.** | Case No. 13-cv-01836 (LDD)<br><br><br>ANSWER AND DEFENSES OF McCABE, WEISBERG & CONWAY TO THE CIVIL COMPLAINT OF EDWARD AND IRINA PALATNICK |

McCabe, Weisberg and Conway, P.C. (the "McCabe Firm") hereby responds to the civil complaint (the "Complaint") of Edward Palatnik and Irina Palatnik (together, the "Plaintiffs"), and alleges as follows:

**Response to allegations under the heading "I.   INTRODUCTION"**

1.      Admitted in part, denied as stated in part, and denied in part.   It is admitted that Plaintiffs seek relief under the Fair Debt Collection Practices Act, 15 U.S.C. §1692a, *et seq*. ("FDCPA").   It is specifically denied that Plaintiffs are entitled to such relief.   By way of further answer, certain allegations contained in the introduction to the Complaint state conclusions of law to which no reply is required, and therefore, they are denied.   By way of further answer, the introduction to the Complaint is an improper pleading and not contemplated by Federal Rule of Civil Procedure 8(a), and therefore, it is denied.

**Response to allegations under the heading "II.   PARTIES"**

2.      Admitted.

3.      Denied.   The allegations contained in paragraph 3 of the Complaint advance conclusions of law to which no reply is required, and therefore, they are denied.

4.      Admitted.

5. Denied. The allegations contained in paragraph 5 of the Complaint advance conclusions of law to which no reply is required, and therefore, they are denied.

6. Denied as stated in part, denied in part. It is denied that the quoted portion of the McCabe Firm's web site establishes its alleged status as a debt collector. By way of further answer, the allegations contained in paragraph 6 attempt to characterize a writing that speaks for itself, and therefore, they are denied.

7. Denied as stated in part, denied in part. It is denied that the quoted portion of the McCabe Firm's web site establishes its alleged status as a debt collector. By way of further answer, the allegations contained in paragraph 7 of the Complaint attempt to characterize a writing that speaks for itself, and therefore, they are denied.

8. Admitted.

9. Denied as stated. It is admitted that the McCabe Firm's primary practice is to aid its clients in the execution of collateral mortgages securing consumer loan promissory notes.

10. Denied. The allegations contained in paragraph 10 of the Complaint are unintelligible, and advanced without context or factual support, making response impossible, and therefore, they are denied.

**Response to allegations under the heading "III.   JURISDICTION AND VENUE"**

11. Denied as stated. It is admitted that this Court has appropriate jurisdiction over the claims of the Plaintiffs.

12. Denied as stated. It is admitted that venue is properly laid in the Federal District Court for the Eastern District of Pennsylvania.

**Response to allegations under the heading "IV.   STATEMENT OF CLAIMS   A. BACKGROUND"**

13. Admitted.

14. Admitted in part, denied in part.   It is admitted that a true and correct copy of the combined Act 91/Act 6 notices with attachments sent to the Plaintiffs in anticipation of the filing of an action in foreclosure (the "Act Notice") is attached to the Complaint as Exhibit "A."   The allegations contained in paragraph 14 of the Complaint advance conclusions of law to which no reply is required, and therefore, they are denied.   The remaining allegations contained in paragraph 14 of the Complaint attempt to characterize a writing that speaks for itself, and therefore, they are denied.

15. Admitted.

16. Denied as stated in part, denied in part.   It is admitted that the Act Notice clearly and expressly concerns the Plaintiffs' default on loan account number 0999824956.   The remaining allegations contained in paragraph 16 of the Complaint attempt to characterize a writing that speaks for itself, and therefore, they are denied.

17. Denied.   The allegations contained in paragraph 17 of the Complaint attempt to characterize a writing that speaks for itself, and therefore, they are denied.

18. Denied.   The allegations contained in paragraph 18 of the Complaint attempt to characterize a writing that speaks for itself, and therefore, they are denied.

19. Denied.   The allegations contained in paragraph 19 of the Complaint attempt to characterize a writing that speaks for itself, and therefore, they are denied.

20. Denied.   The allegations contained in paragraph 20 of the Complaint attempt to characterize a writing that speaks for itself, and therefore, they are denied.

21.     Denied.  The allegations contained in paragraph 21 of the Complaint attempt to characterize a writing that speaks for itself, and therefore, they are denied.

22.     Denied.  The allegations contained in paragraph 22 of the Complaint attempt to characterize a writing that speaks for itself, and therefore, they are denied.

23.     Denied.  The allegations contained in paragraph 23 of the Complaint attempt to characterize a writing that speaks for itself, and therefore, they are denied.

24.     Denied.  The allegations contained in paragraph 24 of the Complaint attempt to characterize a writing that speaks for itself, and therefore, they are denied.

25.     Denied as stated in part, denied in part.  It is denied that the sum of $4,234.40 was listed as the total amount of the Plaintiffs' default, but rather, the amount needed to cure.  It is further denied that an estimate of 5 months from Act Notice to sheriff's sale, that is identical to the timeline estimate given in the web site of the Pennsylvania Housing Finance Agency ("PHFA") at http://www.phfa.org/consumers/homeowners/defaulttimeline.aspx, is false or misleading.  It is further denied that the nature of the Plaintiffs' default described in the Act Notice was false or misleading.  It is further denied that the descriptions contained in the Act Notice, which is substantially identical to the form published by the PHFA, are false or misleading.  Certain allegations contained in paragraph 25 of the Complaint advance conclusions of law to which no reply is required, and therefore, they are denied.  All remaining allegations contained in paragraph 25 of the Complaint are denied.

26.     Denied as stated in part, denied in part.  It is denied that a year-end disclosure of mortgage interest paid either describes the nature and severity of a borrower's mortgage loan default, or the manner in which any payments received during the year reported were applied by the lender.  The remaining allegations contained in paragraph 26 of the Complaint are denied.  By way of further

answer, the allegations contained in paragraph 26 attempt to characterize a writing that speaks for itself, and therefore, they are denied.

27. Denied. By way of further answer, the McCabe Firm incorporates here by reference its response to paragraph 26 of the Complaint as if set forth in its entirety.

28. Denied. The allegations contained in paragraph 28 of the Complaint advance conclusions of law to which no reply is required, and therefore, they are denied.

29. Denied. The allegations contained in paragraph 29 of the Complaint advance conclusions of law to which no reply is required, and therefore, they are denied.

30. Denied. By way of further answer, the McCabe Firm incorporates here by reference its response to paragraph 26 of the Complaint as if set forth in its entirety.

31. Denied. By way of further answer, the allegations contained in paragraph 31 of the Complaint advance conclusions of law to which no reply is required, and therefore, they are denied.

32. Denied as stated. As the Plaintiffs have failed to allege any wrongful conduct of the McCabe Firm, it is denied that the McCabe Firm acted wrongfully either by design or unintentionally.

33. Denied. By way of further answer, the McCabe Firm incorporates here by reference its response to paragraph 32 of the Complaint as if set forth in its entirety.

34. Denied as stated in part, denied in part. It is denied that the Plaintiffs have alleged any harm whether the result of wrongful conduct or otherwise. By way of further answer, the remaining allegations contained in paragraph 34 of the Complaint are denied.

35. Denied. By way of further answer, the McCabe Firm incorporates here by reference its response to paragraph 34 of the Complaint as if set forth in its entirety.

**Response to allegations under the heading "COUNT I   FDCPA"**

36.     The McCabe Firm incorporates and re-alleges all of its previous responses as if set forth here in their entirety.

37.     Denied.   By way of further answer, the allegations contained in paragraph 37 of the Complaint advance a conclusion of law to which no reply is required, and therefore, they are denied.

**Response to allegations under the heading "V.   CLAIM FOR RELIEF"**

WHEREFORE, the McCabe Firm respectfully requests that the Plaintiffs take nothing on their Complaint from the McCabe Firm, and further, that the Complaint be dismissed with prejudice, the McCabe Firm be awarded its legal costs and attorney's fees, and for such further relief as the Court deems appropriate.

**Response to allegations under the heading "VI.   DEMAND FOR JURY TRIAL"**

No response from the McCabe Firm to the Plaintiffs' jury trial demand is require or expected, and therefore, none is given.

**Response to allegations under the heading "VII.   NOTICE OF PRESERVATION OF EVIDENCE"**

The Plaintiffs' "Notice of Preservation of Evidence" is an improper pleading not contemplated by Federal Rule of Civil Procedure 8(a), and no response from the McCabe Firm is require or expected, and therefore, none is given.

**AFFIRMATIVE AND OTHER DEFENSES**

**DEFENSE ONE**

The McCabe Firm did not violate the Fair Debt Collection Practices Act ("FDCPA").

## DEFENSE TWO

The McCabe Firm's alleged violation(s) of the FDCPA, if any, were unintentional.

## DEFENSE THREE

The McCabe Firm's alleged violation(s) of the FDCPA, if any, were the result of bona fide errors.

## DEFENSE FOUR

The McCabe Firm's alleged violation(s) of the FDCPA, if any, were isolated events that were not and are not reoccurring.

## DEFENSE FIVE

The conduct of the McCabe Firm identified by the Plaintiffs, even if true, is not remedied by the FDCPA or otherwise actionable.

## DEFENSE SIX

Because Plaintiffs have suffered no actual damages, they are not entitled to the award of attorney's fees or costs under the FDCPA.

## DEFENSE SEVEN

The FDCPA does not provide for treble damages, nor are the Plaintiffs entitled to them.

## DEFENSE EIGHT

Plaintiffs have brought their FDCPA claims in bad faith with the intent to harass the McCabe Firm, and therefore, the McCabe Firm is entitled to an award of its attorney's fees and expenses incurred in the defense of such claims.

## DEFENSE NINE

Plaintiffs have suffered no actual damages as a result of the McCabe Firm's alleged or actual conduct.

**DEFENSE TEN**

The Complaint fails to state claims upon which relief may be granted.

**DEFENSE ELEVEN**

The McCabe Firm reserves its right to raise additional defenses that are learned or developed through the course of discovery in this matter.

<div style="display:flex;">

Dated: Philadelphia, PA
       May 2, 2013

Respectfully submitted,
**McCABE, WEISBERG & CONWAY, P.C.**
123 S. Broad Street, Suite 1400
Philadelphia, PA   19109
(215) 790-1010
jriga@mwc-law.com

By:   /s/ *Joseph F. Riga*
       Joseph F. Riga

Counsel for the McCabe Defendants

</div>

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, a true and correct copy of the foregoing Answer and defenses of the McCabe Firm to the Civil Complaint of Edward and Irina Palatnik was served by first-class, United States mail, postage prepaid, upon the following, unless any of the following have consented to service by electronic means through their participation in the Court's ECF program, in which case, service was accomplished by electronic transmission:

| | |
|---|---|
| Eric Rayz, Esquire<br>Kalikhman & Rayz, LLC<br>1051 Country Line Road, Suite "A"<br>Huntingdon Valley, PA   19006 | *Counsel for the Plaintiffs* |

Dated: Philadelphia, PA
       May 2, 2013

Respectfully submitted,
**McCABE, WEISBERG & CONWAY**
123 S. Broad Street, Suite 1400
Philadelphia, PA   19109
(215) 790-1010
jriga@mwc-law.com

By:   /s/ *Joseph F. Riga*
       Joseph F. Riga

Counsel for the McCabe Firm